UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:19-cr-302-T-60SPF-2

SEKOU TOURE MITCHELL,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S "EMERGENCY MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. 3582(C)(1)(A) AND MEMORANDUM IN SUPPORT"

This matter is before the Court on Defendant Sekou Toure Mitchell's "Emergency Motion to Reduce Sentence Pursuant to 18 U.S.C. 3582(c)(1)(A) and Memorandum in Support," filed *pro se* on July 15, 2020. (Doc. 82). A response is unnecessary. After reviewing the motion, case file, and the record, the Court finds as follows:

On November 1, 2020, Defendant pled guilty to conspiracy to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A). On January 24, 2020, Defendant was sentenced to seventy-eight months imprisonment, followed by five years of supervised release. This sentence was below the guideline range.

Following Defendant's imprisonment, on March 11, 2020, the World Health Organization characterized COVID-19, also known as the new coronavirus, as a pandemic. Two days later, on March 13, 2020, the President of the United States officially declared a national emergency due to the virus.

In his motion, Defendant requests that the Court modify or reduce his sentence

to time served – which would result in his release from federal prison – due to the "impending spread of Covid-19 among incarcerated persons, the [Bureau of Prison's] inadequate response to the Covid-19 pandemic, health concerns, and the time he has already served." Defendant is a 25-year old nonviolent offender with prior criminal history. Defendant contends that he is not a risk to the public if released, and he faces serious and unavoidable health problems if he were to remain incarcerated for the remainder of his sentence. Defendant alleges that he is a chronic chain smoker and has a family history of bronchitis. Defendant seeks release under 18 U.S.C. § 3582(c)(1)(A), sometimes referred to as "compassionate release."

A district court is not free to modify a term of imprisonment once it has been imposed, except upon motion of the Director of the Bureau of Prisons ("BOP"); or upon motion by the defendant, after he has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on his behalf, or 30 days has elapsed from receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009). To warrant a reduction of his sentences in this case, Defendant must present "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).

After reviewing the applicable law and facts presented here, the Court finds that Defendant is not entitled to relief. The instant motion was filed by Defendant, not the BOP. In his motion, Defendant does not allege that he has exhausted all his administrative remedies.[1] As such, the Court does not have authority to consider his

---

[1] In his motion, Defendant requests that the Court waive his administrative exhaustion requirement. He does not allege that he actually exhausted his administrative remedies, and he does not provide sufficient factual detail for the Court to make any such inference. Although Defendant appears to allege that he filed a request for compassionate release, he does not indicate

compassionate release request. *See, e.g., United States v. Smith*, No. 8:17-cr-412-T-36AAS, 2020 WL 2512883, at *4 (M.D. Fla. May 15, 2020) (concluding that the district court "does not have the authority to excuse the exhaustion or lapse requirement in § 3582(c)(1)(A), even in the midst of the COVID-19 pandemic" and noting that a majority of the district courts addressing this issue have reached the same conclusion).

Even if he had exhausted his administrative remedies, Defendant has not demonstrated extraordinary and compelling reasons warranting a modification of his sentence. "General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13." *See United States v. Eberhart*, No. 13-cr-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020).

Consequently, Defendant's "Emergency Motion to Reduce Sentence Pursuant to 18 U.S.C. 3582(c)(1)(A) and Memorandum in Support" is hereby **DENIED**.

**DONE AND ORDERED** in Chambers, in Tampa, Florida, this 17th day of July, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**

---

when he submitted such request or to whom. He says that he is aware of around sixty other people that have requested compassionate release with the BOP, and states that those requests have been denied using a standard letter.